IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **ROBERT L. BROOKS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.  17-2168 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Robert L. Brooks' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion.  If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion.  <u>See</u> Rules Governing Section 2255 Proceedings, 4(b).  A

preliminary review of Petitioner's motion shows that it must be dismissed because Petitioner is not entitled to relief.

## I. BACKGROUND

In June 2007, Petitioner pleaded guilty, without a written plea agreement, to four counts of distribution of 5 grams or more of cocaine base while on pretrial release in United States District Court, Central District of Illinois, Case No. 06-20037. United States v. Brooks, United States District Court, Central District of Illinois, Case No. 07-20047 (Crim. Case), Report & Recommendation (d/e 12), Order Approving Magistrate Recommendation (d/e 13). In September 2007, U.S. District Judge Michael P. McCuskey held the sentencing hearing. Crim. Case, September 6, 2017 Minute Entry.

The Presentence Investigation Report (PSR) determined that Petitioner qualified as a career offender under § 4B1.1 of the Sentencing Guidelines based on two prior felony convictions for controlled substances offenses: (1) unlawful delivery of a controlled substance, Kankakee, Illinois, County Case No. 97-CF-729; and (2) attempt unlawful delivery of a controlled substance, Iroquois County, Illinois, Case No. 97-CF-53. See PSR ¶ 31 and Addendum

(d/e 15). Petitioner objected to the career offender designation, but the Court overruled the objection. PSR Addendum (d/e 15) (noting that, under the applicable guideline provision, a "controlled substance offense" included attempting to commit such an offense).

With the career offender designation, Petitioner's advisory Sentencing Guideline range was 262 to 327 months' imprisonment. PSR ¶ 76. Petitioner faced a statutory imprisonment range of 10 years to life. Id. ¶ 74. In addition, because Petitioner committed each of the four felony counts while on pretrial release, he was subject to an additional mandatory consecutive sentence of up to 10 years. Id. ¶ 75. Judge McCuskey sentenced Petitioner to 274 months, consisting of 262 months on each of Counts 1, 2, 3, and 4 to run concurrently to be followed by a consecutive 12-month term. Crim. Case, Judgment (d/e 18). Petitioner appealed.

Appointed counsel on appeal moved to withdraw under Anders v. California, 386 U.S. 738 (1967. See United States v. Brooks, 278 F. App'x 688, 690 (7th Cir. May 22, 2008). Petitioner submitted a response to counsel's motion, asserting that his

attempt unlawful delivery conviction was not a controlled-substance offense because he did not have any drugs in his possession when he was caught by police and, therefore, could not have intended to deliver them. Id. at 691. The Seventh Circuit found that any argument that Petitioner's attempt unlawful delivery conviction was not a controlled-substance offense would be frivolous. Id. The Seventh Circuit rejected Petitioner's argument that the district court was required to examine the plea colloquy to determine whether his conviction involved a controlled substance, noting that "a sentencing court cannot look behind the statute, judgment, and charging document when the nature of the conviction categorically qualifies for recidivist sentencing consideration under the guidelines." Id. at 691. The Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal. The mandate issued on June 16, 2008. Crim. Case (d/e 31).

On June 9, 2017[1], Petitioner filed his § 2255 Motion. Because of Judge McCuskey's retirement from his position as a District Court Judge, the case has been assigned to this Judge.

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

Petitioner argues that, in light of the United States Supreme Court's recent decision in Mathis v. United States, 136 S. Ct. 2243 (2016), his prior conviction for attempt unlawful delivery of a controlled substance does not qualify as a predicate offense under the career offender guideline. See Mathis, 136 S. Ct. at 2256 (holding that the modified categorical approach for determining whether a prior conviction constitutes a violent felony under the

---

[1] This case was not opened until July 24, 2017 because the Clerk's Office did not receive the § 2255 Motion until that date. Although Petitioner properly addressed the envelope containing the § 2255 Motion, the envelope was inadvertently received by another office in the courthouse on June 9, 2017. Therefore, the Court considers June 9, 2017 the filing date. See Remark (d/e 2).

Armed Career Criminal Act (ACCA) only applies to divisible statutes, and a statute is not divisible if the statute lists alternative means of committing the crime as opposed to alternative elements). Petitioner argues that his Motion is timely because he filed the Motion within one year of the Mathis decision.

Deviations from the Sentencing Guidelines are generally not cognizable under 28 U.S.C. § 2255. See Welch v. United States, 604 F.3d 408, 412 (7th Cir. 2010). To obtain relief under § 2255, a petitioner must show that his sentence violates the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). That is, relief is "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted). The Seventh Circuit has held that an erroneous determination that a petitioner was a career offender is not a cognizable error under § 2255 after the Guidelines were made advisory. United States v. Coleman, 763

F.3d 706, 708 (7th Cir. 2014) (finding that the petitioner's claim that his prior conviction no longer qualified as a predicate offense under the career offender guideline in light of recent precedence was not cognizable on a § 2255 motion); Hawkins v. United States, 706 F.3d 820, 823 (7th Cir. 2013), opinion supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013) (finding erroneous determination that the petitioner was a career offender was not cognizable under § 2255, noting in particular the interest in finality).

In this case, Petitioner was sentenced under the advisory Sentencing Guidelines to a sentence below the statutory maximum of life imprisonment. Petitioner has not identified any error of constitutional or jurisdictional magnitude, a violation of federal law, or a defect that resulted in a complete miscarriage of justice. See Hawkins, 706 F.3d at 824 (noting that a sentence well below the statutory maximum should not be considered a "miscarriage of justice . . . just because the judge committed a mistake en route to imposing it").

Petitioner relies on Mathis to support his argument, but Mathis is a case of statutory interpretation, not constitutional law.

See Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (finding that Mathis did not authorize a successive § 2255 petition in part because Mathis did not announce a new rule of constitutional law); Dawkins v. United States, 829 F.3d 549, 550 (7th Cir. 2016) (same). Therefore, Petitioner is not entitled to relief.

Petitioner's § 2255 Motion is also untimely. A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In this case, the only two possible dates from which the one-year period began to run are the dates provided under § 2255(f)(1)

and (f)(3) because Petitioner does not allege any government action prevented him from making a motion (§ 2255(f)(2)) or that he recently discovered, through the exercise of due diligence, facts supporting the claim (§ 2255(f)(4)).

Petitioner's conviction became final on September 15, 2008, which is 90 days after the Seventh Circuit issued the mandate following Petitioner's unsuccessful appeal. See Clay v. United States, 537 U.S. 522, 525 (2003) (when a defendant takes an unsuccessful direct appeal, the one-year period begins to run when the time for filing a petition for certiorari expires); Sup. Ct. R. 13.1 (requiring a petition for certiorari be filed within 90 days after entry of judgment); Crim. Case, Mandate (d/e 31) (issued June 16, 2008). Petitioner's § 2255 Motion filed on June 9, 2017, was clearly filed beyond one-year from the date the conviction was final.

The other possible date for calculating the one-year period is the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner relies on

Mathis as the basis for his relief.  However, the Supreme Court did not recognize a new right in Mathis.

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."  Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis in original).  The language in Mathis appears to contradict any assertion that Mathis announced a new rule.  In Mathis, the Supreme Court stated:

> Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

Mathis, 136 S. Ct. at 2257.  Moreover, several cases have held that Mathis does not trigger a new one-year period under § 2255(f)(3).  See Davis v. United States, Nos. 2:13-CR-46-JRG-8, 2:16-CV-363-JRG, 2016 WL 7234762, at *2 (E.D. Tenn. Dec. 13, 2016) (holding that Mathis "involved

application of the categorical approach first adopted by the Supreme Court in Taylor and refined in the Descamps [v. United States, 133 S. Ct. 2276 (2013)] decision to a new set of facts" and did not articulate a new right for purposes of § 2255(f)(3)); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (D. Maine Oct. 14, 2016) (Mathis does not trigger a new one-year period for habeas relief under § 2255(f)(3)), appeal filed; but see Staples v. True, No. 16-cv-1355-DRH, 2017 WL 935895, *3 (S.D. Ill. March 8, 2017) (involving a motion brought under 28 U.S.C. § 2241 and stating, in what appears to be dicta, that the petitioner may fail in showing that relief under § 2255 is inadequate because the petitioner was still within a year of the date Mathis was decided). Therefore, Petitioner's § 2255 Motion is also untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the Court declines to issue a Certificate of Appealability. A certificate may issue only if Petitioner has made a substantial showing of the

denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Peterson v. Douma</u>, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). Because the claims at issue do not satisfy this standard, the Court denies a Certificate of Appealability.

## IV. CONCLUSION

Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED. The Clerk is DIRECTED to notify Petitioner of the dismissal. The Court also denies a certificate of appealability. THIS CASE IS CLOSED.

**ENTER: August 2, 2017**

**FOR THE COURT:**

      <u>s/Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**